**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**LARRY KLAYMAN,**

      **Plaintiff,**

**vs.**                                  **Case No. 4:26cv104-AW-MAF**

**J. LEE MARSH, et al.,**

      **Defendants.**

_____/

## ORDER TO SHOW CAUSE

Plaintiff, proceeding pro se, has filed a civil rights complaint under 42 U.S.C. § 1983.  ECF No. 1.  Plaintiff paid the filing fee at the time of case initiation.  ECF No. 3.  Even so, the complaint has been reviewed to determine if this Court has subject matter jurisdiction over this matter.

The complaint is brought against 13 Defendants.  ECF No. 1 at 1-2, 4.  The Defendants include Justices of the Florida Supreme Court, the Florida Supreme Court, The Florida Bar, and persons involved in the Bar's attorney disciplinary process, including a state court judge who served as the referee in Plaintiff's disciplinary proceeding.  *Id.*  Plaintiff contends that

his due process, equal protection, and First Amendment rights were violated in those proceedings.  *Id.* at 5.

Plaintiff acknowledges that the Florida Supreme Court issued an Order on November 6, 2025, which suspended him from the practice of law for two years for professional misconduct.  ECF No. 1 at 5.  Plaintiff's motion for rehearing was denied on January 23, 2026.[1]  *Id.*  Plaintiff then filed an "expedited motion for issuance of findings of fact and conclusions of law," but the Court denied that motion as "unauthorized" on February 20, 2026.  *Id.* at 27.  Plaintiff initiated this case on February 27, 2026, claiming there has been a "gross miscarriage of justice, as the Florida Supreme Court Justices have cavalierly and intentionally violated their oath of office and shirked and then continued to ignore and flout their judicial responsibilities."  ECF No. 1 at 27.

Count I is a due process claim brought against Defendant Marsh.  *Id.* at 28-29.  Count II is a due process claim brought against The Florida Bar Defendants.  *Id.* at 29-31.  Count III is a due process claim brought against the Florida Supreme Court Defendants.  *Id.* at 31-32.  Count IV is an equal

---

[1] Plaintiff provided the Court with a copy of the Suspension Orders within his 397-page Exhibit B.  *See* ECF No. 1-3 at 113-135.

protection claim against Defendant Marsh.  *Id.* at 32-33.  Count V is nearly identical to Count IV and is asserted against The Florida Bar Defendants, *id.* at 33-34, while Count VI is asserted against the Florida Supreme Court Defendants.  *Id.* at 34-35.  Count VII is a First Amendment claim brought against Defendant Marsh, while Counts VIII and IX are brought against The Florida Bar Defendants and the Florida Supreme Court Defendants respectively.  *Id.* at 35-39.  As relief, Plaintiff seeks monetary damages, injunctive relief, and an "order setting aside and vacating the Supreme Court of Florida's November 6, 2025 Suspension Order."  *Id.* at 40.

It appears this case is barred by the *Rooker-Feldman* doctrine.  *See* Scott v. Frankel, 562 F. App'x 950, 953 (11th Cir. 2014) (dismissing Scott's constitutional claims under the *Rooker-Feldman* doctrine).  In Scott, the Plaintiff sought to challenge the Florida Supreme Court's order which suspended him from the practice of law.  The Eleventh Circuit affirmed dismissal of his damages claims because they "could succeed 'only to the extent that the state court wrongly decided the issues' when it suspended Scott's license to practice law."  Scott, 562 F. App'x at 954 (quoting Alvarez v. Att'y Gen., 679 F.3d 1257, 1263 (11th Cir. 2012)).

"The Rooker–Feldman doctrine applies when 'state-court losers complaining of injuries caused by state-court judgments' bring later claims in federal district court that invite the district court to review and reject the earlier state-court judgments."  Alvarez, 679 F.3d at 1262 (quoted in Scott, 562 F. App'x at 953.  The doctrine applies where an issue presented to the district court is "inextricably intertwined with the state court judgment."[2]  679 F.3d at 1262.  It is a jurisdictional doctrine, and deprives a federal district court from reviewing a final state court decision because only the United States Supreme Court has authority to review final decisions made by a state's supreme court.  Scott, 562 F. App'x at 953.  "Decisions by state supreme courts disciplining attorneys for misconduct qualify as such final decisions."  562 F. App'x at 953 (citing to Johnson v. Supreme Court of Ill., 165 F.3d 1140, 1141 (7th Cir. 1999)).  "As a result, 'the Rooker–Feldman doctrine eliminates most avenues of attack on attorney discipline.'"  Id. at 953 (quoting Johnson, 165 F.3d at 1141).

---

[2] "A claim is inextricably intertwined 'if it asks to effectively nullify the state court judgment, or it succeeds only to the extent that the state court wrongly decided the issues.'"  Target Media Partners v. Specialty Marketing Corp., 881 F.3d 1279, 1286 (11th Cir. 2018) (quoted in Kowallek v. Rel. Ins. Servs. of Fla., Inc., 762 F. App'x 976, 978 (11th Cir. 2019)).

In this case, Plaintiff's claims are inextricably intertwined with the order of the Florida Supreme Court; Plaintiff specifically requests this Order vacate and set aside that Court's suspension order.  However, this Court lacks subject matter jurisdiction to nullify the state court's judgment. Seibert v. McIntire, 847 F. App'x 802, 802-03 (11th Cir. 2021) (affirming dismissal of complaint "for lack of subject matter jurisdiction under the Rooker-Feldman doctrine"); Kowallek, 762 F. App'x at 978 (affirming dismissal of an unjust-enrichment claim on basis that it "was inextricably intertwined with the state court's judgment").

Moreover, to the extent Plaintiff seeks to sue the Florida Supreme Court and The Florida Bar for money damages, such claims are barred by the Eleventh Amendment.  "The Eleventh Circuit has long recognized that the Supreme Court of Florida and the Florida Bar are entitled to Eleventh Amendment immunity."  Gainsburg v. Fla. Bar, No. 23-CV-61877, 2024 WL 2976742, at *3 (S.D. Fla. June 13, 2024).  "[F]ederal courts lack jurisdiction to entertain claims that are barred by the Eleventh Amendment." McClendon v. Georgia Dep't of Cmty. Health, 261 F.3d 1252, 1256 (11th Cir. 2001) (citing Vermont Agency of Natural Res. v. United States, 529 U.S. 765, 778, 120 S.Ct. 1858, 1865, 146 L.Ed.2d 836 (2000)).

Case No. 4:26cv104-AW-MAF

Although Eleventh Amendment immunity may be waived by a party, this Court's subject matter jurisdiction cannot be waived when a claim is barred by Rooker-Feldman.  Plaintiff must show cause no later than **March 25, 2026**, why this case should not be dismissed for lack of subject matter jurisdiction.[3]

Accordingly, it is

**ORDERED:**

1.  No later than **March 25, 2026**, Plaintiff must show cause no why this case should not be dismissed for lack of subject matter jurisdiction.

2.  The Clerk of Court shall return this file upon receipt of Plaintiff's response to this Order to Show Cause or no later than March 25, 2026.

**DONE AND ORDERED** on March 4, 2026.

**S/   Martin A. Fitzpatrick**
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] Federal district courts are courts of limited jurisdiction.  They "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."  Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S. Ct. 1235, 1244, 163 L. Ed. 2d 1097 (2006).

Case No. 4:26cv104-AW-MAF