**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**

LARRY KLAYMAN

        Plaintiff,

v.

REFEREE J. LEE MARSH, et al

        Defendants.

**Case No.: 4:26-cv-000104**

## MOTION TO VACATE REPORT AND RECOMMENDATION

Plaintiff Larry Klayman ("Mr. Klayman") hereby respectfully requests that the March 31, 2026 Report and Recommendation of  the Honorable Martin A. Fitzpatrick ("Magistrate Judge Fitzpatrick") recommending dismissal *sua sponte* of this action be vacated and that this case be allowed to proceed in the normal course, and as ground therefore would show:

*First*, under 28 U.S. Code § 636(b)(1)(A), a magistrate judge does not have authority to hear and determine a motion "to dismiss for failure to state a claim upon which relief can be granted," which is akin to what Magistrate Judge Fitzpatrick has taken it upon him to do, *sua sponte*. A magistrate judge only has the ability to "conduct any or all proceedings in a jury or nonjury civil matter" upon consent the parties. 28 U.S.C. § 636(c)(1). Mr. Klayman does not consent to this, and there has been no order entered in this case from the presiding judge, the Honorable Allen C. Windsor, permitting Magistrate Judge Fitzpatrick to issue a *sua sponte* recommendation of dismissal. Thus, the Report and Recommendation is null and void must be vacated on this basis alone.

1

*Second*, Mr. Klayman filed an Amended Complaint, as he was clearly permitted to do under Federal Rule of Civil Procedure 15 which not only directly addressed the questions raised by Magistrate Judge Fitzpatrick concerning *Rooker Feldman* doctrine, Am. Comp. ¶ 107 – 109, but also added new causes of action for unconstitutional viewpoint discrimination. Am. Comp. ¶ 180 – 234. While the *Rooker Feldman* doctrine does not apply to Mr. Klayman's original claims under 42 U.S.C. § 1983, it certainly does not apply to Mr. Klayman's claims for unconstitutional viewpoint discrimination. This type of First Amendment viewpoint discrimination has been found by the Supreme Court to be unconstitutional in its March 31, 2026 decision in *Chiles v. Salazar*, which held:

> We have recognized, as well, the even greater dangers associated with regulations that discriminate based on the speaker's point of view. When the government seeks not just to restrict speech based on its subject matter, but also seeks to dictate what particular "opinion or perspective" individuals may express on that subject, "the violation of the First Amendment is all the more blatant." *Rosenberger v. Rector and Visitors of Univ. of Va.*, 515 U. S. 819, 829 (1995). "Viewpoint discrimination," as we have put it, represents "an egregious form" of content regulation, and governments in this country must nearly always "abstain" from it. *Ibid.; see also Iancu v. Brunetti*, 588 U. S. 388, 393 (2019) (describing "the bedrock First Amendment principle that the government cannot discriminate" based on viewpoint (internal quotation marks omitted)); *Good News Club v. Milford Central School,* 533 U. S. 98, 112–113 (2001); *Barnette*, 319 U. S., at 642.

The Supreme Court in *Chiles* has now confirmed what the lower courts have established—that such selective First Amendment viewpoint discrimination is unconstitutional and illegal. Examples of other cases which have reached this conclusion are *Frederick Douglass Found., Inc. v. District of Columbia*, 82 F.4th 1122 (D.C. Cir. 2023), *Susman Godfrey LLP v. Exec. Office of the President,* 2025 U.S. Dist. LEXIS 123029 (D.D.C. June 27, 2025), *Wilmer Cutler Pickering Hale and Dorr LLP v. Executive Office of the President et al*, 25-cv-917 (D.D.C.), *Perkins Coie LLP v. U.S. Department of Justice et al*, 1:25-cv-716 (D.D.C.), *Associated Press v. Budowich*,

1:25-cv-00532 (D.D.C). By virtue of *Chiles*, these cases are now black-letter law all the way to the Supreme Court.

*Third*, the Amended Complaint is not a shotgun pleading. The Defendants are not lumped together improperly. Each count sets forth with specificity the violative conduct that forms its basis.  As one example, for Mr. Klayman's Tenth Cause of Action, alleging violation of the First Amendment to the U.S. Constitution as to Referee Marsh, Mr. Klayman expressly and specifically alleges the conduct of Referee Marsh that supports this cause of action:

> Specifically, Referee Marsh (1) refused to review the record and adopted wholesale the factual and legal errors submitted to him by the Bar Defendants, (2) made condescending, biased remarks and personal attacks on Mr. Klayman, (3) refused to recuse himself in violation of both Florida statute and common law, (4) refused to hold the Bar Defendants accountable for their false statements, which falsity was demonstrated to him by Mr. Klayman, (5) prejudged this entire matter as evidenced by his failure to admit highly relevant and necessary evidence into the record. In addition, it is clear that he never reviewed the actual evidentiary record. Am. Comp. ¶ 188.

Despite all of this, Magistrate Judge Fitzpatrick issued a  *sua sponte* recommendation of dismissal without giving Mr. Klayman an opportunity to respond as to why the Amended Complaint—which Mr. Klayman was entitled to file Fed. R. Civ. P. 15, and which he did to moot out any issued to save the time and resources of the Court and parties—should not be dismissed. Magistrate Judge Fitzpatrick therefore created a *fait accompli*, given the heightened "clear error" standard now in place to reverse a magistrate judge's report. This is another violation of Mr. Klayman's due process rights, which have already been severely violated in the underlying attorney discipline matter as set forth in the Amended Complaint and above by Referee Marsh. *See* Am. Comp. ¶ 188. This also creates the impression that Magistrate Judge Fitzpatrick is  "circling the wagons" to protect fellow jurists on the Supreme Court of Florida and Referee Marsh, who is also a Leon County judge in Tallahassee, as well as The Florida Bar and

3

its rogue prosecutors in this case, by precipitously and  with judicial authority taking such *sua sponte* action to deprive Mr. Klayman of his due process rights.[1]

WHEREFORE, based on the foregoing, Magistrate Judge Fitzpatrick's Report is null and void and must be vacated and this case must be permitted to proceed in the normal course. The Defendants are not entitled to special treatment or protection from Magistrate Judge Fitzpatrick simply because of their status as jurists and bar officials. Every individual is equal in the eyes of the law. The Defendants must appear and they can move for dismissal if they so choose. This is how any normal lawsuit would proceed, and this must occur here in the interests of established black letter law,  justice and fundamental fairness.

Date: April 3, 2026                                      Respectfully submitted,


                                                 ____/s/ Larry Klayman_____
                                                 Larry Klayman
                                                 7050 W. Palmetto Park Rd
                                                 Boca Raton, FL, 33433
                                                 Tel: (561)-558-5336
                                                 Email: leklayman@gmail.com

                                                 Plaintiff Pro Se

---

[1] In fact, Mr. Klayman still has not received the summons in this case, despite the clerk of the Court having claimed that they had been mailed out weeks ago. This creates the inference that perhaps Magistrate Judge Fitzpatrick perhaps instructed the clerk of the Court not to send these summons out. This case needs to proceed and the Defendants need to be served. Anything less is another denial of due process.

1