**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

LARRY KLAYMAN,

      **Plaintiff,**

v.                                 **Case No. 4:26-cv-104-AW-MJF**

J. LEE MARSH, et al.,

      **Defendants.**

_____/

## ORDER DENYING MOTION FOR EXCESS PAGES

The court struck Plaintiff's complaint and amended complaint because they were shotgun complaints and because they did not comply with the court's local rules, which limit *pro se* civil rights complaints to 25 pages. ECF No. 14. Plaintiff has now moved for leave to file a complaint exceeding the page limit. ECF No. 15. This order denies that motion.

Plaintiff contends he "is not a normal *pro se* litigant." ECF No. 15 at 2. Perhaps not, but he still must comply with the rules. And his argument that an oversize complaint is necessary is unpersuasive. Even a cursory review of the proposed complaint shows Plaintiff could be more concise. A proper complaint requires a statement of the court's jurisdiction (Plaintiff's claims purported arise under federal law) and "a short and plain statement of the claim showing that the pleader is entitled to relief," along with "a demand for the relief sought." Fed. R. Civ. P. 8. Rather than submit a "short and plain statement," Plaintiff included—

1

among other things—block quotes from Supreme Court decisions (¶ 27); descriptions of other published decisions (¶ 28); a lengthy quote from a Thomas Jefferson letter (¶ 31); and quotes from a Florida Supreme Court oral argument (¶¶ 99-100).

In sum, Plaintiff has not demonstrated that an oversize complaint is necessary or appropriate. His motion (ECF No. 15) is DENIED, and the complaint (ECF No. 16) is STRICKEN.

If Plaintiff wishes to continue with this case, he must file a complaint that complies with the local rules within seven days. His failure to do so will lead to dismissal.[1]

SO ORDERED on April 20, 2026.

s/ *Allen Winsor*
Chief United States District Judge

---

[1] One additional note. The original complaint was a shotgun complaint because each count adopted all preceding counts. *See* ECF No. 14. Plaintiff has overcorrected. His new complaint, which this order strikes, incorporates no preceding facts into any count. Plaintiff should be careful with his next attempt to incorporate into each count facts that support that claim (and only such facts).